IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TODD CAGER**                                                              **PETITIONER**

v.                                                    No. 1:20CV175-SA-DAS

**LEE COUNTY DETENTION CENTER**                            **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Todd Cager for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as procedurally defaulted, the petitioner has not responded, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice as procedurally defaulted.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2254**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. Habeas Corpus, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture**

Petitioner Todd Cager is in the custody of the Lee County Detention Center in Tupelo, Mississippi, after pleading guilty to three counts of shoplifting as a third offense and trespassing as a third offense in the Tupelo Municipal Court. The first set of attached Affidavits issued by the Tupelo Municipal Court on January 20, 2019, and the documents in support, charged Mr. Cager with the crimes of shoplifting as a third offense (Warrant No. 190009034) and trespassing as a third offense (Warrant No. 190009035), which Cager committed on January 26, 2019. Exhibit A.[1] The second set of attached Affidavits issued by the Tupelo Municipal Court on February 7, 2019, and the documents in support, charged Mr. Cager with the crimes of shoplifting as a third offense (Warrant No. 190009047) and trespassing as a third offense (Warrant No. 190009048), which Cager committed on January 31, 2019. Exhibit B. As set forth in detail below, these shoplifting and trespassing charges that were the subject of this second set of Affidavits were later *nolle prossed* by the Tupelo Municipal

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

Court to allow the shoplifting charge to be presented to a Lee County grand jury as a felony. *See* Exhibit J, *infra*. The third set of attached Affidavits issued by the Tupelo Municipal Court on February 7, 2019, and the documents in support, charged Mr. Cager with the crimes of shoplifting as a third offense (Warrant No. 190009050) and trespassing as a third offense (Warrant No. 190009051), which Cager committed on February 5, 2019.[2] Exhibit C. The fourth set of attached Affidavits issued by the Tupelo Municipal Court on February 28, 2019, and the documents in support, charged him with the crimes of shoplifting as a third offense (Warrant No. 190009069) and trespassing as a third offense (Warrant No. 190009070), which he committed on February 27, 2019. Exhibit D.

Mr. Cager's Booking Sheet from the Lee County Detention Center reflects that he was arrested on April 11, 2019, by the Tupelo Police Department and booked on the charges of no driver's license (Lee County Circuit Court), no insurance (Lee County Circuit Court), four counts of shoplifting as a third offense (Tupelo City Court), and four counts of trespassing (Tupelo City Court). Exhibit E. The records of the Tupelo Municipal Court reflect that, on April 11, 2019, Mr. Cager entered a plea of "not guilty" to each of the four counts of shoplifting as a third offense and trespassing as a third offense. Exhibit F. The Tupelo Municipal Court set Cager's bond at $14,400.00. *Id.* As "conditions of bond," the municipal court ordered that Cager "must stay off of Barnes Crossing Mall property" and "must not be charged with another shoplifting" offense. *Id.* Mr. Cager posted bond and was released from the custody of the Lee County Detention Center on April 20, 2019. Exhibit G; *see also* Exhibit E.[3] These records further show that Mr. Cager was scheduled to appear before the Tupelo

---

[2] The police report attached in support of the Affidavits noted that Cager had recently been charged with shoplifting and trespassing and that he had two active warrants with respect to those charges (Warrant Nos. 190009035, 190009034). Exhibit C.

[3] The records of both the Lee County Detention Center and the Tupelo Municipal Court note "Time Served" for Cager's charges of no driver's license and no insurance with the Lee County Circuit

Municipal Court on May 2, 2019, on his shoplifting and trespassing charges. Exhibit G. On May 30, 2019, the Tupelo Municipal Court entered an Order of *nolle prosequi* regarding Cager's charges of shoplifting as a third offense and trespassing as a third offense from the incident on January 31, 2019, to allow the shoplifting charge to be presented to a Lee County grand jury as a felony.[4] Exhibit J.

Mr. Cager's Booking Sheet from the Lee County Detention Center reflects that he was then arrested on August 20, 2019, by the Tupelo Police Department and booked on the charges of one count of felony shoplifting, one count of possession of drug paraphernalia,[5] three counts of shoplifting, and three counts of trespassing.[6] Exhibit L. On August 29, 2019, he signed a "Waiver of Rights and Entry of Guilty Plea," indicating that he desired to plead guilty to his charges of three counts of shoplifting and three counts of trespassing in the Tupelo Municipal Court. Exhibit M. On the same date, the Tupelo Municipal Court entered an Order with respect to these charges and sentenced Cager to serve "180 x 3 w/o suspended to run consecutively" in the Lee County Jail, to pay fines totaling $9,483.00, and to pay restitution to Belk in the amount of $588.00. Exhibit N. The Order further listed Cager's release date from custody as February 19, 2021 (which equates to 540

---

Court. *See* Exhibits E, G. Four days after his release from custody on April 20, 2019, Mr. Cager received a ticket issued by the City of Tupelo for possession of drug paraphernalia, which consisted of scales. *See* Exhibit H. The Tupelo Municipal Court issued a Notice for Cager to appear at his trial on this charge on July 9, 2019. *See* Exhibit I.

[4] As explained in detail below, a Lee County grand jury returned an indictment on the charge of felony shoplifting on October 11, 2019. *See* Exhibit O, *infra*.

[5] The records of the Tupelo Municipal Court reflect that Cager was actually "Found Guilty in his/her absence" of possession of drug paraphernalia by the municipal court on July 9, 2019, based upon Cager's failure to appear before the court. Exhibit K. The municipal court ordered Cager to pay fines totaling $3,089.94 within ninety days of the Order and no jail time. *Id.*

[6] Cager's jail records reflect that he has remained in the custody of the Lee County Detention Center since that date, and Cager's Booking Sheet lists his location as "Trustee." Exhibit L.

- 4 -

days from the date of the Order). *Id.*

On October 11, 2019, Todd Cager was indicted in the Lee County Circuit Court for felony shoplifting as a third offense within the last seven years, based on the shoplifting incident that occurred on January 31, 2019, and was previously *nolle prossed* by the Tupelo Municipal Court. Exhibit O; *see also* Exhibit J. By Arraignment Order filed on October 22, 2019, the Lee County Circuit Court set Cager's bond in the amount of $5,000.00 and appointed Will Bristow as counsel to represent Cager in the felony shoplifting case. Exhibit P. The Arraignment Order further provided that Cager would meet with his attorney on January 28, 2020, for purposes of discussing a guilty plea with respect to Cager's charge. *Id.* On January 30, 2020, Cager pled guilty to felony shoplifting as a third offense in the Lee County Circuit Court.[7] Exhibit Q. On the same date, the Lee County Circuit Court entered a "Non-Adjudication Order," providing as follows, in relevant part:

> The [C]ourt being satisfied by the proof and the defendant's answer, found that the defendant entered his/her plea of guilty freely, voluntarily, knowingly[,] and understandingly. The Court specifically withholds acceptance of the defendant's plea and adjudication of guilt and the imposition of sentence in accord with MISSISSIPPI CODE 1972, ANNONTATED [sic] SECTION 99-15-26 pending the successful completion of the conditions imposed in this order.
>
> **IT IS HEREBY ORDERED** that the defendant be placed under the supervision of the Mississippi Department of Corrections for a period of **THREE (3)** years and that defendant shall:
>
> [abide by the conditions set forth].

Exhibit R (emphasis in original).

Beginning in March 2020, and continuing through July 22, 2020, Cager submitted seven letters to the Tupelo Municipal Court seeking "relief on [his] misdemeanor charges," a review of his

---

[7] A copy of the transcript of Cager's plea hearing was filed in the Lee County Circuit Court on March 24, 2020. Exhibit Q.

sentence resulting therefrom, and early release."[8]  *See* Exhibit S (Cumulative Exhibit of Letters). Meanwhile, on June 15, 2020, Cager, through counsel Matthew Harris, filed a "Motion for Review and/or Relief from Sentence" in the Tupelo Municipal Court, referencing Cager's cases in that court for three counts of shoplifting and three counts of trespassing. Exhibit T.  In his "Motion for Review and/or Relief from Sentence," Cager, through counsel, challenged his incarceration in the Lee County Detention Center, which resulted from his guilty plea and sentence in the Tupelo Municipal Court. *Id.* at 1.  Cager, through counsel, asserted that "[Cager] ha[d] been in custody since August 19, 2019[,]" and "[a]s of the date of this motion, counting time served prior to his plea of guilty, [Cager] ha[d] served 302 days."[9]  *Id.*  Cager, through counsel, further alleged that "[C]ager was charged, for the same crime, with felony shoplifting (3rd offense)[]" and that "[Cager] tendered a plea of guilty in the Lee County Circuit Court, cause no. CR19-957 (M)L, which was not accepted and non-adjudicated pursuant to Miss. Code Ann. § 99-15-26."[10]  *Id.*

      Cager also challenged the fines assessed by the Tupelo Municipal Court for Cager's crimes. *Id.* at 2. Cager, through counsel, further contended that:

> Under the auspices of Miss. Code Ann. § 21-13-19, and *Fisher v. City of Eupora*, 587

---

[8] Cager failed to date his first letter submitted to the Tupelo Municipal Court; however, he stated in his first letter that he had served seven months of his sentence (August 29, 2019 + seven months = March 29, 2020). Exhibit S. Mr. Cager submitted a second letter to the Tupelo Municipal Court on March 30, 2020. *Id.* He likewise failed to date his third letter; however, he stated in it that he had served seven and a half months of his sentence. *Id.* Cager submitted additional letters to the Tupelo Municipal Court on April 20, 2020; July 15, 2020; July 20, 2020; and July 22, 2020. *Id.* In his letters, Mr. Cager repeatedly states that he had paid or "set out" all of his fines. *Id.*

[9] As set forth above, the Tupelo Municipal Court sentenced Mr. Cager to serve a total of 540 days ("180 X3"), as a result of his guilty plea to the charges of three counts of shoplifting and three counts of trespassing. *See* Exhibit N.

[10] As explained in detail above, however, the records of the Tupelo Municipal and Lee County Circuit Courts reflect that this allegation is inaccurate, as each of the charges stemmed from separate incidents that occurred on different dates. *See* Exhibits A, B, C, D, J, O.

> So. 2d 878 (1991), the approximate 18 month sentence and no application of time served to the fines makes this an excessive, and illegal, sentence.

*Id.* (underline in original). The records of the Tupelo Municipal Court reflect, and a deputy clerk for the court confirmed, that the municipal court denied Cager's "Motion for Review and/or Relief from Sentence" on July 23, 2020.[11] *See id.* A deputy clerk for the Tupelo Municipal Court and a deputy clerk for the Lee County Circuit Court further confirmed to the State's counsel that Cager did not appeal the denial of his "Motion for Review and/or Relief from Sentence" by the Tupelo Municipal Court. Finally, a search of the Mississippi Supreme Court's docket, as available on the court's official website, reflects that Cager has not filed any actions in that court, as of the filing of this Motion to Dismiss.

Instead, Cager proceeded directly to this court through his submission of a letter on August 6, 2020. Doc. 1. In his letter, Cager stated that he sought "immediate relief from the Lee County Detention Center," "a written copy of discharge from the City of Tupelo Municipal Court," and requested "that [he] suffer[] no repurcisson [sic] upon filing this complaint." *Id.* Cager attached to his letter copies of various documents from his proceedings in the Tupelo Municipal and Lee County Circuit Courts. *See id.* Upon consideration of Cager's submission, this court entered an Order on August 27, 2020, providing:

> Todd Cager has submitted a document that the court construes as a petition for writ of *habeas corpus* under 28 U.S.C. § 2241. The petitioner has not, however, used the court's standard form for such petitions. The court uses these forms for the expeditious administration of *habeas corpus* petitions. As such, the petitioner must complete and return the enclosed form within 21 days. Failure to do so may lead to the dismissal of this case without prejudice.

---

[11] The bottom of the second page of the motion reflects a signature and the handwritten notation "7/23/2020 Denied." *Id.* A deputy clerk for the Tupelo Municipal Court confirmed to counsel for the State that the motion was signed and denied by Judge Jay Weir on that date. *Id.*

Doc. 4.

Meanwhile, prior to Mr. Cager's receipt of this Court's Order, he filed a pleading in this court entitled "Motion for Collateral Relief" on August 31, 2020, in which he restated the claims previously presented to the Tupelo Municipal Court in his "Motion for Review and/or Relief from Sentence." Docs. 5, 6; *see also* Exhibit T. In his "Motion for Collateral Relief," Cager further asserted that, "[s]ubsequent to the adjudication of guilt, [he] did not receive a timely notice of a judgment or order for 'Shoplifting x 3' and 'Trespassing x 3' as [provided] in Rule 26.8 of the Mississippi Rules of Criminal Procedure." Doc. 5 at 3. Cager claimed that, "[b]ecause the Plaintiff represented himself in the Municipal Court he was required to receive such notice." *Id.* Cager further asserted that the "City of Tupelo Municipal Court[] would not be prejudiced by the Court granting the Plaintiff's Motion and allowing an appeal considering the time he has already served, and the expense to keep him in confinement." *Id.*

On September 8, 2020, Cager, proceeding *pro se*, filed the instant federal petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, as directed by this Court. Doc. 7. In his petition, Cager submits that he is challenging the validity of his conviction or sentence as imposed by the Tupelo Municipal Court on August 29, 2019. *Id.* at 2. In his petition, Cager raises the following three grounds for relief:

> **Ground One:** On information and belief offender has been in custody since August 19, 2019. Defendant has served 302 days. He is still incarcerated to this day.
>
> **Ground Two:** Offender was charged, for the same crime, with felony shoplifting (3rd offense).
>
> **Ground Three:** Under the auspices of Miss. Code Ann. § 21-13-19, and *Fisher v. City of Eupora*, 587 So. 2d 878 (1991) the approximate 18 month sentence and no application of time served to the fines makes this excessive, and illegal sentence.

Doc. 7.[12]  In his request for relief, Mr. Cager simply states: "Motion for Review and/or Relief from Sentence."  *Id.* at 5.

### The Doctrines of Procedural Default and Procedural Bar

If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding.  *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).  Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."  *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012).  Thus, a federal court may not consider a *habeas corpus* claim when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds."  *Maples v. Thomas*, ⸺ U.S. ⸺, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted).  This doctrine is known as *procedural bar*.

A state procedural rule is "independent" when the state law ground for decision is not "interwoven with the federal law."  *Michigan v. Long*, 463 U.S. 1032, 1040, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983).  A state law ground is interwoven with federal law if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed."  *Ake v. Oklahoma*,

---

[12] A close review of these grounds reflects that Cager quotes the arguments presented by counsel in Cager's "Motion for Review and/or Relief from Sentence" in the Tupelo Municipal Court.  *See id.*; *see also* Exhibit T.

470 U.S. 68, 75, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985); *see also* State court decision must not be interwoven with federal law, Federal Habeas Manual § 9B:24.

To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

### Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he can overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644

(5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

## Mr. Cager's Claims Are Procedurally Defaulted

In this case, Mr. Cager's claim that the Tupelo Municipal Court improperly denied his "Motion for Review and/or Relief from Sentence" must be dismissed as procedurally defaulted. He failed to timely appeal the municipal court's denial of his motion challenging the sentence imposed within the thirty-day period allowed under state law. *See* Miss. R. Crim. P. 29.1. Rule 29.1(a) requires the notice of appeal from justice or municipal court to be filed with the clerk of the county (or circuit) court within thirty days of entry of the judgment appealed from. *See Murray v. State*, 870 So.2d 1182, 1184 (Miss. 2004) (holding the thirty-day deadline in procedural rule governs over conflicting statute, Miss. Code Ann. § 99-35-1). For these reasons, Mr. Cager failed to properly present his allegations challenging the denial of his motion to the circuit court (and ultimately to the state's highest court), thus providing the state courts a full opportunity to consider any potential constitutional issues. As such, Mr. Cager's claims in the instant petition are procedurally defaulted under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and will be dismissed with prejudice. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)).

Mr. Cager has not shown cause for failing to pursue his claims in the instant petition to the Mississippi Supreme Court. He has thus not satisfied the "cause and prejudice" test so that this court may reach the merits of his claims despite the procedural bar, as he has not identified an external impediment which prevented him from timely appealing the circuit court's denial of his "Motion for Review and/or Relief from Sentence." *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To

show a "cause" to excuse a default, "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of objective factors constituting "cause" to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991).

Mr. Cager was proceeding through counsel in filing his "Motion for Review and/or Relief from Sentence" in the Tupelo Municipal Court, and he has not shown that any external impediment prevented him from properly pursuing his claims to exhaustion. Hence, Mr. Cager has not established "cause" to overcome the procedural bar in the instant case. Without a showing of "cause," the court need not consider whether actual prejudice exists. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Likewise, Mr. Cager will not suffer a "fundamental miscarriage of justice" if this court does not consider the merits of his claims. *See Martin*, 98 F.3d at 849 (citing *Sawyer v. Whitley*, 505 U.S. 333 (1992)). That exception is limited to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To show that he was actually innocent, he must support his allegations with new, reliable evidence and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted).

Mr. Cager appears to challenge the municipal court's denial of his "Motion for Review and/or Relief from Sentence." *See* Doc. 7. Cager has not, however, presented the court with any new, reliable evidence to support his claims in the instant petition; he merely re-urges the arguments the Tupelo Municipal Court rejected. Thus, he has not established that a fundamental miscarriage of

justice would result if the court does not consider his claims on the merits. The court will therefore dismiss the instant petition with prejudice as procedurally defaulted.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed as procedurally defaulted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 11th day of August, 2021.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE